## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**BRAD STAPLETON**                                                                **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO. 3:19-cv-00739-HTW-LRA**

**CANADIAN NATIONALRAILWAY CO. and**
**ILLINOIS CENTRAL RAILROAD CO.**                           **DEFENDANTS**

## REPLY IN FURTHER SUPPORT OF
## DEFENDANT CANADIAN NATIONAL RAILWAY COMPANY'S
## MOTION TO DISMISS

Defendant Canadian National Railway Company ("Canadian National Railway") submits this reply in further support of its Motion to Dismiss [Dkt. #15] for lack of personal jurisdiction and insufficiency of service of process.

## INTRODUCTION

To avoid dismissal for lack of personal jurisdiction, plaintiff Brad Stapleton ("Stapleton") is required to submit competent evidence rebutting the facts established in the affidavits and other evidence submitted by Canadian National Railway. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). That is, Stapleton must submit admissible evidence showing specific facts establishing Canadian National Railway is amenable to personal jurisdiction under Mississippi's long-arm statute (*i.e.*, that it is either doing business in Mississippi or committed a tort in whole or in part in Mississippi) and that it has sufficient minimum contacts with the state of Mississippi so as not to offend traditional notions of fair play and substantial justice (*i.e.*, that it is subject to the general or specific jurisdiction of this Court). *Aviles v. Kunkle*, 978 F.2d 201, 203-04 (5th Cir. 1992).

Neither Stapleton's amended complaint nor his response to the motion to dismiss establish that Canadian National Railway committed a tort in whole or in part in Mississippi, does business in Mississippi, or has sufficient minimum contacts with Mississippi to justify the exercise of personal jurisdiction. Likewise, neither his amended complaint nor his response to the motion to dismiss plead particularized facts supporting the multi-factor test applicable to a corporate shield claim as required by controlling case law.

All that Stapleton has shown is that Illinois Central uses the fictitious tradename "CN" and a common website. Both are perfectly acceptable and not sufficient to justify piercing the corporate veil or subjecting Canadian National Railway to jurisdiction in Mississippi. *See e.g.*, *Melton Properties, LLC v. Illinois Central R.R. Co.*, No. 4:18-CV-79-DMB-JMV, 2019 WL 6039967 (N.D. Miss. Nov. 14, 2019) (granting Canadian National Railway's Rule 12(b)(2) motion to dismiss where evidence showed its subsidiary Illinois Central used (1) the fictitious name "CN" and (2) a portal website operated by Canadian National Railway). For these and other reasons explained below, Stapleton has failed to meet his burden under FED. R. CIV. 12(b)(2).

## ARGUMENT

Plaintiff has failed to satisfy his burden of proving that this Court has personal jurisdiction over Canadian National Railway in accordance with Mississippi's long-arm statute (MISS. CODE ANN. § 13-3-57), and the due process requirements of the Fourteenth Amendment of the United States Constitution.[1] *Thompson*, 755 F.2d at 1165.

### I.   THE LONG-ARM STATUTE'S TORT PRONG DOES NOT CONFER JURISDICTION.

Plaintiff alleges that Canadian National Railway committed a tort in Mississippi because it

---

[1] Plaintiff incorrectly suggests that this Court is "sitting in diversity." (Response, at 6 – Dkt. #22). While the error does not change the Court's jurisdictional analysis, it does reflect plaintiff's fundamental misunderstanding of the subject matter.

employed and wrongfully fired him. (First Amended Complaint, at ¶ 15 – Dkt. #2).   For support,

he offers conclusory assertions and the following hearsay statement from an unknown "CN"

manager to plaintiff:   "CN did not bring you back to work arbitration did."   (First Amended

Complaint ¶ 21 – Dkt. #2; Response Memo, at 2 – Dkt. #22).   For at least two reasons, this "proof"

does not establish jurisdiction.

First, Canadian National Railway submitted affidavits which prove that it never employed

plaintiff and made no decisions regarding his employment (Jody Evely Aff., at ¶ 4 – Dkt. #15-1;

Duane Spears Aff., at ¶ 3 –Dkt. #15-3).   This evidence includes a copy of plaintiff's W-2 which

shows that Illinois Central Railroad Company employed Stapleton.   Plaintiff has not presented any

competent testimony in rebuttal.   Consequently, the Court must accept the facts in defendant's

affidavits as true.   *Strong v. RG Indust., Inc.*, 691 F. Supp. 1017, 1018-19 (S.D. Miss. 1988)

(holding articles on handgun control "clearly inadmissible hearsay which cannot be considered"

on motion to dismiss for lack of personal jurisdiction).

Second, even if an unknown "CN" manager said "CN did not bring you back to work

arbitration did" such does not prove that Canadian National Railway took any action with respect

to plaintiff.   Records from the Mississippi Secretary of State show that Illinois Central operates

under the fictitious business name "CN." (Fictitious Business Name Registration – Dkt. #15-5).

An unidentified Illinois Central employee's use of "CN" does not somehow confer personal

jurisdiction over Canadian National Railway.   *Pearson v. Component Tech Corp*., 247 F.3d 471,

485-86 (3d Cir. 2001); *Melton Properties,* 2019 WL 6039967, at *6-7.

### A.    Plaintiff's Forced-Action Theory of Parent Liability Lacks Merit.

Canadian National Railway's Memorandum of Law [Dkt. #17] supporting its Motion to

Dismiss cited Fifth Circuit authority, *Trevino v. Celanse Corp.*, 701 F.2d 397, 404 (5th Cir. 1983),

which provides the framework to determine whether a parent corporation (Canadian National Railway) is considered the employer of a subsidiary's (Illinois Central) employee (plaintiff).[2] (Motion to Dismiss Memorandum, at 14 – Dkt. # 17).  Plaintiff's Response completely ignores this precedent and instead argues that the "forced-action theory of parent liability" applied by the Illinois Supreme Court in *Forsythe v. Clark USA, Inc.*, 864 N.E. 2d 227, 237 (Ill. 2007) controls. Presumably plaintiff relies on *Forsythe* because that was the case the plaintiffs in *Melton Properties*, asked the court to apply.  Stapleton's recycled argument fares no better now than it did seven (7) weeks ago when Judge Brown held that the forced-action theory of parent liability did not establish personal jurisdiction over Canadian National Railway.  *Melton*, 2019 WL 6039967, at *6.

To establish direct liability under *Forsythe,* a plaintiff must show that (1) the parent mandated a particular strategy; and (2) the parent company implemented the strategy by specific direction or authorization which surpassed "the control exercised as a normal incident of ownership in disregard for the interests of the subsidiary." *Forsythe*, 864 N.E. 2d at 237.  *Forsythe* does not support jurisdiction for at least three (3) reasons.

First, *Forsythe* is not binding on a Mississippi federal court, as *Melton* correctly noted. 2019 WL 6039967, at *6.  Second, the threadbare allegations in *plaintiff's Response* to a motion to dismiss do not satisfy the federal pleading standards articulated in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and *Bell Atlantic v. Twombly*, 55 U.S. 544, 555 (2007) (complaint is insufficient if it offers only "labels and conclusions," or "formulaic recitation of the elements of a cause of

---

[2] *See Johnson v. Verizon Communications, Inc.*, No. 3:10-cv-01764-B, 2011 WL 1343390, at *2 (N.D. Tex. Apr. 7, 2011) (applying *Trevino* in employment discrimination case and granting parent company's motion to dismiss for lack of personal jurisdiction).

action").[3]  At most the *Response* makes the conclusory allegation that Canadian National Railway "mandated a strategy for hiring and firing procedures within its subsidiary companies" by participating in the wrongful termination of an African American employee [Stapleton] who suffered from a disability." (Memorandum Response, at 9 – Dkt. #22).  Significantly, plaintiff has not alleged the specifics of the (supposed) strategy, how Canadian National Railway specifically directed it or how Illinois Central's interests were disregarded.

Third, Stapleton has not presented any proof to support the untrue, conclusory allegation that Canadian National Railway mandated and implemented a particular strategy to terminate him. (Response Memorandum, at 9 – Dkt. #22).  The affidavits attached to Canadian National Railway's motion to dismiss establish that it had no involvement in plaintiff's termination and overcome plaintiff's unspecific, unsupportable and conclusory allegations to the contrary.  *Strong*, 691 F. Supp. at 1018-19.  The tort prong of the long-arm statute does not apply.

## II.      THE DOING BUSINESS PRONG OF THE LONG-ARM STATUTE DOES NOT CONFER JURISDICTION.

Plaintiff's argument here appears to be twofold.  First, he argues that Canadian National Railway does business in Mississippi because two internet articles suggest that "CN" owns the railroad tracks at Walter Dutch Welch Drive in Jackson, Mississippi.  Second, he alleges that Illinois Central is the mere instrumentality of Canadian National such that its corporate veil should be pierced.  (Response, at 9-10 – Dkt. #22).  Neither argument has merit.

### A.      Plaintiff's Drive-by "Mere Instrumentality" Theory.

Nowhere in Stapleton's First Amended Complaint does he allege that the corporate veil of Illinois Central should be pierced to acquire personal jurisdiction over its indirect parent, Canadian National Railway.   Instead, plaintiff's *Response* asserts that Illinois Central is a "mere

---

[3] The First Amended Complaint [Dkt. #2] does not allege a forced-action theory of parent liability.

instrumentality" because it operates under the "CN" logo, Illinois Central employees refer to "CN" as their employer, and Illinois Central shares a website with Canadian National Railway. (Response Memorandum, at 5 & 10 – Dkt. #22).

Under Mississippi's long-arm statute, in order to acquire jurisdiction over a parent corporation that a plaintiff seeks to hold vicariously liable for the acts of a subsidiary, the plaintiff must pierce the corporate veil. *Lifeline Ambulance Servs., Inc. v. Laidlaw, Inc.*, 16 F. Supp. 2d 686, 688 (S.D. Miss. 1998). "Piercing the corporate veil is something a court should do only in extraordinary circumstances, and Mississippi case law reflects a strong commitment to the legal integrity of the corporate entity." *Id. See Hargrove v. Fibre Board Corp.,* 710 F.2d 1154, 1159 (5th Cir. 1983) (to pierce the corporate veil for jurisdictional purposes, "[t]he degree of control exercised by the parent must be greater than normally associated with common ownership and directorship").

The following factors are relevant to the determination of "whether the plaintiff has made sufficiently particularized allegations in the pleadings" to demonstrate the applicability of the piercing doctrine to the facts of a case:

> The corporate entity will not be disregarded unless the complaining party can demonstrate: (1) some frustration of expectations regarding the party to whom he looked for performance; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and, (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder.

*Canadian National Ry. Co. v. Waltman*, 94 So. 3d 1111, 1115 (Miss. 2012).[4]

Plaintiff has not alleged any facts to satisfy the elements of this test. The record shows

---

[4]  In *Buchanan v. Ameristar Casino Vicksburg, Inc.*, the Mississippi Supreme Court declined to adopt the ten factor test utilized by federal courts in favor of a three-part test. 957 So. 2d 969, 977 (Miss. 2007) (rather than "the federal factors", "this Court has held a three-factor test for piercing the corporate veil and imposing liability on corporate shareholders"). Plaintiff has not made any allegations concerning the ten-factor test or the three-part test.

unequivocally to the contrary.  (Jody Evely Aff.– Dkt. #15-1).  Perhaps more importantly, the assertions in plaintiff's Response which purportedly support the "mere instrumentality" allegation (*i.e.*, use of CN logo and common website) fall woefully short of the "particularized allegations" necessary to pierce the corporate veil under *Waltman* (and *Iqbal*).

Mississippi federal district court cases addressing this issue have refused to find jurisdiction over a parent corporation where plaintiff has failed to make the particularized allegations required to support a basis for piercing the corporate veil.  *See e.g.*, *Gammill v. Lincoln Life & Annuity Distributors, Inc.*, 200 F. Supp. 2d 632, 635-36 (S.D. Miss. 2001) (Wingate, J) (granting Rule 12(b)(2) motion to dismiss where plaintiffs made none of the particularized allegations necessary to establish a basis for piercing the corporate veil); *North Amer. Plastics, Inc. v. Inland Shoe Mfg. Co., Inc.*, 592 F. Supp. 875, 879 (N.D. Miss 1984); *Lee v. Ability Ins.*, Co., No. 2:12-CV-17-KS-MTP (S.D. Miss. June 10, 2013) (plaintiff neither alleged nor provided evidence to support the elements of a veil piercing claim).  These cases show that the allegations in plaintiff's Response are insufficient to pierce the corporate veil to acquire personal jurisdiction on Canadian National Railway.

> **B.** **Hearsay Statements in Internet Articles that Suggest CN Owns Land in Mississippi Do Not Prove Canadian National Railway Actually Owns that Land and/or Does Business in Mississippi.**

The hearsay statements appearing in two on-line articles cited by plaintiff are not competent evidence to establish a prima facie case of personal jurisdiction.  *Strong*, 691 F. Supp. at 1018. *See also Sealed Appellant 1 v. Sealed Appellee 1*, 625 Fed. Appx. 628, 634 (5th Cir. 2015) (per curium) ("plaintiffs may not establish a prima facie case of jurisdiction through inadmissible evidence when the evidence is directly contradicted by defendants' affidavits").  But even if the Court considers the internet articles upon which plaintiff relies, they still do not prove that

Canadian National Railway does business in Mississippi.  On this issue, plaintiff makes much of the following statement from one of the articles:

> CN always respects the legal obligations in all the jurisdictions in which it operates and the decision to close this roadway [in Mississippi] was taken accordingly.

(Response Memorandum, at 10 -  Dkt. #22).

The above statement is jurisdictionally irrelevant because *Illinois Central* uses and operates under the logo "CN" in Mississippi. (Jody Evely Aff., at ¶ 8 –Dkt. #15-1; Fictitious Business Name Registration – Dkt. #15-5).   That a parent and subsidiary use the same logo does not mean the parent does business in every state that its subsidiary does.  *Melton*, 2019 WL 6039967, at *6.  *Cf.*, *Goldstein v. Johnson & Johnson*, No. 1:18-cv-20341-KMM, 2019 WL 289290, at *3 (S.D. Fla. Jan. 21, 2019) (holding similarities between logo of parent and subsidiary insufficient to trigger specific jurisdiction over parent).  Furthermore, that an *unnamed* person quoted in an article used Illinois Central's registered fictitious name "CN" (and not the correct legal name "Illinois Central Railroad Company") does not somehow submit Canadian National Railway to personal jurisdiction.[5]  Tellingly, plaintiff does not cite a single authority to support his argument on this issue.

### III.   DUE PROCESS REQUIRES DISMISSAL OF CANADIAN NATIONAL RAILWAY.

A nonresident defendant may not be subjected to litigation in a foreign jurisdiction unless it has certain minimum contacts with the forum state such that the maintenance of the suit does "not offend the traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts with the forum state may give rise to the federal court's specific jurisdiction (the suit arises out of or is related to the defendant's contacts

---

[5] Plaintiff could not submit records from the Hinds County Chancery Court showing Canadian National Railway's ownership of land in Jackson, Mississippi, because the records do not exist.

with the forum) or general jurisdiction (defendant maintains systematic and continuous contacts with the forum state as to render it essentially at home in the forum State). *Daimler AG v. Bauman*, 571 U.S. 117, 133-34 (2014).

### A.    There is No Specific Jurisdiction.

"Where the plaintiff alleges specific jurisdiction, due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Intern., Inc v. Constenia, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

To support his argument on specific jurisdiction, plaintiff identifies two contacts Canadian National Railway supposedly has with Mississippi: (1) shared website with Illinois Central that allows visitors to become customers and, (2) two internet articles that (incorrectly) suggest that Canadian National Railway owned and closed a public crossing in Mississippi.[6]  The affidavit of Jody Evely attached to Canadian National Railway's motion to dismiss overcomes the false allegation that it owns any property in Mississippi. (Evely Aff., at ¶ 4 –Dkt. #15-1).  *See Sealed Appellant 1*, 625 Fed. Appx. at 634.  Moreover, just seven (7) weeks ago Judge Brown in the Northern District of Mississippi found that Canadian National Railway "owns no land or tracks in Mississippi." *Melton*, 2019 WL 6039967, at *3.

Significantly, there is no nexus between Canadian National Railway's alleged contacts and plaintiff's lawsuit.  Plaintiff does not allege that his claim for employment discrimination arises from his use of the website or the closing of railroad tracks in Jackson.  In turn, there is no specific

---

[6] For the record, only the Mississippi Department of Transportation has the authority and ability to close public grade crossings.  *See* MISS CODE ANN. § 65-1-175; MISS. CODE ANN. § 65-1-8(2)(f).

jurisdiction here.

    **B.**    **There is No General Jurisdiction.**

 General jurisdiction in Mississippi requires "continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum." *In re DePuy Orthopedics, Inc. v. Pinnacle Hip Implant Prod. Liab, Litig.*, 888 F.3d 753, 778 (5th Cir. 2018) (citation omitted).  "Establishing general jurisdiction is difficult and requires extensive contacts between a defendant and a forum." *Sangha v. Navig8 Ship Mgmt Private Ltd.*, 882 F.3d 97, 101 (5th Cir. 2018) (citation and quotation marks omitted).  Stapleton argues Canadian National Railway is subject to general jurisdiction in Mississippi based on its operation of the CN web portal, alleged ownership of land in Mississippi and a consent decree entered in the United States District Court for the Northern District of Illinois.  None of these arguments have merit.

    First "the Fifth Circuit has rejected the argument that a defendant's internet presence within a forum supports general jurisdiction."  *Melton*, 2019 WL 6039967, at *8 (citations omitted) (holding Canadian National Railroad's operation of the CN web portal used by Illinois Central did not establish general jurisdiction).

    Second, plaintiff's Response conspicuously omitted the fact that Canadian National Railway was not a signatory to the consent decree and, in fact, had been dismissed from the case almost two years before it was entered.  *See* Consent Decree, Definition of Defendants, at 3 – Ex. 1).[7]  Plaintiff also failed to mention that the consent decree stated that Canadian National Railway was not an operating, policy setting or employer company with respect to the class members who claimed employment discrimination.  *Id.*  The consent decree actually supports dismissal; it further

---

[7]The Consent Decree is attached as hereto as Exhibit 1.

shows that Canadian National Railway does not control the employment policies of its United States subsidiaries like Illinois Central.

Third, Canadian National Railway has submitted sworn testimony proving that it does not own property in Mississippi. (Evely Aff., at ¶ 4 –Dkt. #15-1).  *See also Melton*, 2019 WL 6039967, at *3) (stating Canadian National Railway "owns no land or tracks in Mississippi" and has no employees in Mississippi).  Alleged statements contained in two hearsay internet articles cannot overcome this sworn testimony.  *Sealed Appellant 1*, 625 Fed. Appx. at 634.

## IV.   THE CLAYTON ACT DOES NOT APPLY.

Plaintiff curiously argues that the Clayton Antitrust Act of 1914 confers personal jurisdiction.  This argument lacks merit because plaintiff has not made an antitrust claim.  (First Amended Complaint, at ¶¶ 1-2 – Dkt. #2).

## V.   INSUFFICIENCY OF SERVICE OF PROCESS

Plaintiff argues that service on Illinois Central is the same as service on Canadian National Railway because the two corporations are the alter ego of one another.  For the reasons explained in Argument Section II (A), *supra*, plaintiff has failed to plead the requirements of a valid corporate shield claim.

In the alternative, plaintiff asks for time to perfect service in accordance with the Hague Convention.  (Memorandum Response, at 6 – Dkt. #22).  The Court should deny the request because Canadian National Railway is not subject to personal jurisdiction in Mississippi and proper service will not change that fact.

## CONCLUSION

Nothing in plaintiff's Response supports a departure from the Mississippi state and federal courts that have held that Canadian National Railway is not subject to personal jurisdiction in

Mississippi.  *See e.g., Waltman* & *Melton Properties*.  Plaintiff has failed to meet his burden of proving Canadian National Railway is subject to personal jurisdiction and defendant's motion to dismiss should be granted.

THIS the 8th day of January, 2020.

Respectfully submitted,

CANADIAN NATIONAL RAILWAY COMPANY

BY:  *s/Jeremy L. Birdsall*
GEORGE H. RITTER (MSB #5372)
JEREMY L. BIRDSALL (MSB # 100284)

ITS ATTORNEYS

OF COUNSEL:

WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205
Telephone: 601-968-5500
Fax:  601-944-7738

**CERTIFICATE OF SERVICE**

I, Jeremy L. Birdsall, one of the attorneys for defendant Canadian National Railway Company do hereby certify that I have this date sent, via the United States District Court's ECF system, a true and correct copy of the foregoing to all counsel of record registered with the Court's CM/ECF electronic filing system.

This the 8th day of January, 2020.

*/s/Jeremy L. Birdsall*
JEREMY L. BIRDSALL