**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**BRAD STAPLETON**                                                                                          **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:19-cv-00739-HTW-LRA**

**CANADIAN NATIONALRAILWAY CO. and
ILLINOIS CENTRAL RAILROAD CO.**                                                      **DEFENDANTS**

### MEMORANDUM OF LAW SUPPORTING CANADIAN NATIONAL RAILWAY COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY

Plaintiff's motion [Dkt. #23] for jurisdictional discovery asks for discovery on three topics: (1) a 2010 consent decree entered in an Illinois federal court; (2) Canadian National Railway's alleged ownership of land in Jackson, Mississippi; and, (3) the relationship between Canadian National Railway and its subsidiary Illinois Central Railroad Company to support a corporate veil piecing argument. Plaintiff's motion should be denied because he has not met his burden of proving that the jurisdictional discovery proposed is necessary. *Monkton Ins. Servs. v. Ritter*, 768 F.3 429, 434 (5th Cir. 2014).

Discovery into Canadian National Railway's "systems, policies, practices and procedures arising from a 2010 consent decree" is unnecessary because (1) Canadian National Railway was not a party/signatory to the agreement, (2) had been dismissed from that case more than twenty (20) months before others filed the decree, and (3) the agreement states that Canadian National Railway was not an "operating, policy setting or employer company" covered by the decree.

Discovery concerning plaintiff's theory that Illinois Central Railroad Company is the "mere instrumentality" of Canadian National Railway should be denied because plaintiff failed to identify the relevant evidence he expects to uncover, as required by controlling Fifth Circuit

precedent. *Ritter*, 768 F.3 at 434. His motion also failed to provide the "factual allegations that suggest with reasonable particularity the possible existence of the requisite" facts, as required. *Fielding v. Hubert Burda Media, Inc*., 415 F.3d 419, 429 (5th Cir. 2005).

Discovery into Canadian National Railway's alleged ownership of land in Jackson, Mississippi, also should not be permitted. Just seven (7) weeks ago the United States District Court for the Northern District of Mississippi found that Canadian National Railway "owns no land or tracks in Mississippi." *Melton Properties, LLC v. Illinois Central R.R. Co.*, No. 4:18-CV-79-DMB-JMV, 2019 WL 6039967, at *3 (N.D. Miss. Nov. 14, 2019). On this issue, plaintiff's reliance on hearsay internet articles – as opposed to (nonexistent) certified records from the Hinds County Chancery Court Clerk's office –says volumes about the "need" for jurisdictional discovery on this issue. For these reasons and those explained below, plaintiff's motion should be denied.

## ARGUMENT

When a party seeks jurisdictional discovery, he must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc*., 415 F.3d 419, 429 (5th Cir. 2005). This requires "factual allegations that suggest with reasonable particularity the possible existence of the requisite" facts. *Fielding*, 415 F.3d at 429. The plaintiff seeking jurisdictional discovery bears the "burden of demonstrating the necessity of discovery." *Ritter*, 768 F. 3d at 434. When a lack of jurisdiction is clear, discovery would serve no purpose and should not be permitted. *Wyatt v. Kaplan*, 686 F2d 276, 283 (5th Cir. 1982). Nor is discovery allowed where (1) a plaintiff fails to identify the evidence he seeks to uncover or (2) the discovery sought cannot "add any **significant** facts." *Lee v. Ability Ins. Co.*, No. 2:12-cv-17-KS-MTP, 2012 WL 2491067, at * 4 (S.D. Miss. June 10, 2013) (citations omitted) (emphasis supplied) (denying request for jurisdictional discovery).

This Court has consistently denied requests for jurisdictional discovery where a plaintiff, like Stapleton, fails to show it is warranted.  *See e.g., Progressive County Mutual Ins. Co. v. Goodyear Tire & Rubber Co.*, No. 1:18CV321-LG-RHW, 2019 WL 846056, at *3 (S.D. Miss. Feb. 21, 2019); *Turnage v. Messersmith Mfg, Inc.*, No. 2:14-CV-124-KS-MTP, 2015 WL 197419 (S.D. Miss. Jan. 15, 2015); *Huntley v. CL Medical Sarl*, No. 2:14-CV-105-KS-MTP, 2015 WL 5521796, at * 9 (S.D. Miss. Sept. 15, 2015).  That is the situation here.

I. **DISCOVERY CONCERNING THE 2010 CONSENT DECREE IS UNNECESSARY.**

Plaintiff wants "to explore" Canadian National Railway's "systems, policies, practices and procedures arising from a 2010 consent decree." (Plaintiff's Memorandum, at 5 – Dkt. # 24).  A review of the consent decree puts any need for this discovery to rest.  Discovery on the vague topics plaintiff lists serves no purpose because the consent decree states that Canadian National Railway was not an "operating, policy setting or employer company" under the decree. (Consent Decree, at 3 ¶II(J), 30 - Ex. 1).  Moreover, Canadian National Railway was not a party/signatory to the decree and had been dismissed from that case more than twenty (20) months before others entered into the agreement.  (Consent Decree, at 3 ¶II(J) - Ex. 1).  Canadian National Railway had nothing to do with the decree; thus, discovery about it cannot add "any significant facts" as to whether Canadian National Railway is subject to personal jurisdiction in Mississippi.  *Wyatt*, 686 F2d at 284.   The discovery requested suffers another problem.

Plaintiff does not "identify the relevant evidence" he expects to uncover in discovery concerning the decree.  *Moore v. Willis Indep. Sch. Dist*., 233 F.3d 871, 876 (5th Cir. 2000).  Instead he provides a laundry list of topics he would like "to explore."  (Plaintiff's Memorandum, at 6 – Dkt. # 24).  This falls well short the mark plaintiff is required to meet.  *See Lee*, 2012 WL 2491067, at *4 (denying request for jurisdictional discovery where plaintiff failed to identify the

"specific evidence she believes discovery will uncover"); *Kelly v. Syria Shell Petroleum Devl. B.V.*, 213 F. 3d 841, 855 (5th Cir. 2000) (affirming denial of jurisdictional discovery where plaintiffs failed to describe what facts they hoped to obtain from such discovery or how it would produce information that would support jurisdiction).

      II.      **PLAINTIFF HAS NOT MET HIS BURDEN OF SHOWING THAT DISCOVERY IS NECESSARY ON HIS BELATED "MERE INSTRUMENTALITY" THEORY.**

Plaintiff alleges that Canadian National Railway controls Illinois Central and that jurisdictional discovery will allow him to provide the Court "more detailed information concerning the pervasiveness of Defendant CN's [Canadian National Railway] financial and operational control over Illinois Central Railroad." (Plaintiff's Memorandum, at 6 – Dkt. # 24). Again plaintiff's argument is fatally flawed.

Neither plaintiff's First Amended Complaint, nor his motion for jurisdictional discovery, nor his response to the Rule 12(b)(2) motion contain "factual allegations that suggest with reasonable particularity the possible existence of the requisite" facts. *Fielding*, 415 F.3d at 429. *See also Lifeline Ambulance Servs., Inc. v. Laidlaw, Inc.*, 16 F. Supp. 2d 686, 688 (S.D. Miss. 1998) ("absent a sufficient allegation of particularized facts," corporate veil should not be preliminarily pierced for long-arm jurisdiction). In *Waltman v. Canadian National Ry. Co.*, 94 So. 3d 1111, 1120 (Miss. 2012), plaintiffs' complaint alleged that Canadian National Railway was the "alter ego" and "mere instrumentality" of Illinois Central. 94 So. 2d 3d at 1114. To support the theory, plaintiffs alleged that Illinois Central was undercapitalized, had a negative net worth and its financial reports were consolidated with those of Canadian National Railway. *Id*. at 1118-19. The Mississippi Supreme Court held that these allegations were insufficient to permit jurisdictional discovery. *Id*. 1120.

Here, unlike *Waltman*, plaintiff's complaint did not even include a corporate veil piercing

allegation. Furthermore, none of plaintiff's submission identify the jurisdictional facts he expects to uncover that would be probative of the factors that must be considered in the veil piercing analysis. *See Waltman*, 94 So. 3d 1116; *Lifeline Ambulance*, 16 F. Supp. 2d at 688-89. Put simply, if the allegations in *Waltman* were insufficient to permit jurisdictional discovery, then Stapleton's far thinner allegations do not allow it here. Similarly, plaintiff does not "identify the relevant evidence" he expects to uncover in discovery supportive of his "mere instrumentality" theory. *Moore*, 233 F.3d at 876. He also does not explain what form the discovery will take: depositions, interrogatories, document requests, subpoenas, etc. For all of these reasons, plaintiff's request for jurisdictional discovery on his "mere instrumentality" theory should be denied.

### III. DISCOVERY INTO CANADIAN NATIONAL RAILWAY'S PURPORTED OWNERSHIP OF LAND IN JACKSON, MISSISSIPPI.

Discovery into Canadian National Railway's alleged ownership of land in Jackson, Mississippi, should not be permitted. To support his argument here, plaintiff relies on two internet articles. At most, the author of the first article (Dkt. # 24-2) reports that an unidentified spokesperson with "Canadian National *Railroad* said they are permanently closing Walter Dutch Welch Drive." (Article, at 2 – Dkt. #24-2) (emphasis supplied). That the article's author incorrectly referred to Illinois Central as Canadian National Railroad[1] does not mean that Canadian National Railway owns land in Jackson, Mississippi. Nor does it mean that Illinois Central or Canadian National *Railway* closed the road. This is because only the Mississippi Department of Transportation has the authority and ability to close public grade crossings. *See* MISS. CODE ANN. § 65-1-175; MISS. CODE ANN. § 65-1-8(2)(f). The article also contains an alleged quote that "'CN always respects its legal obligations in all the jurisdictions in which it operates and the decision to close this roadway was taken accordingly. CN will continue to engage with the city to discuss the

---

[1] Canadian National Railroad is not the same as Canadian National *Railway*.

issue."  (Article, at 2 – Dkt. #24-2).  An unknown spokesman using "CN" does not prove that Canadian National Railway owns property or does business in Mississippi, given that "CN" is the registered fictitious name of Illinois Central.

The author of the second article [Dkt. #21-3] is unknown.  Like the first article, it states that Canadian National *Railroad* is permanently closing a public road.  For the same reasons stated above, the article is not evidence that Canadian National Railway owns property in Mississippi.  Of course, both articles are hearsay which should not even be considered by the Court.  *Strong v. RG Indust., Inc.*, 691 F. Supp. 1017, 1018 (S.D. Miss. 1988).  That plaintiff relies on hearsay internet documents to support his argument on property ownership – as opposed to certified records from the Hinds County Chancery Court Clerk's office – is telling.  The records do not exist.

Finally, just seven (7) weeks ago the United States District Court for the Northern District of Mississippi found that Canadian National Railway "owns no land or tracks in Mississippi." *Melton Properties, LLC v. Illinois Central R.R. Co.*, No. 4:18-CV-79-DMB-JMV, 2019 WL 6039967, at *3 (N.D. Miss. Nov. 14, 2019).  This is consistent with what the Mississippi Supreme Court said seven (7) years ago on the same topic.  *Waltman*, 94 So. 3d. at 1114 ("Canadian National does not directly own or operate any trains, tracks, crossing or warnings devices, or other property in the State of Mississippi").

## CONCLUSION

Defendant Illinois Central Railroad Company has answered and admitted that it employed and fired plaintiff – the alleged conduct giving rise to this lawsuit.  Illinois Central is subject to the jurisdiction of this Court and stands ready to defend itself on the merits.

Plaintiff has failed to meet his burden of proving that the proposed jurisdictional discovery

is necessary. Mississippi state and federal courts have held that Canadian National Railway is not subject to personal jurisdiction in Mississippi. And no amount of discovery – and certainly not that proposed by Stapleton - can change that.

THIS the 8th day of January, 2020.

                                        Respectfully submitted,

                                        CANADIAN NATIONAL RAILWAY COMPANY

                                        BY: *s/Jeremy L. Birdsall*
                                        GEORGE H. RITTER (MSB #5372)
                                        JEREMY L. BIRDSALL (MSB # 100284)

                                        ITS ATTORNEYS

OF COUNSEL:

WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205
401 East Capitol Street, Suite 600
Jackson, Mississippi 39201
Telephone: 601-968-5500
Fax: 601-944-7738

## **CERTIFICATE OF SERVICE**

    I, Jeremy L. Birdsall, one of the attorneys for defendant Canadian National Railway Company do hereby certify that I have this date sent, via the United States District Court's ECF system, a true and correct copy of the foregoing to all counsel of record registered with the Court's CM/ECF electronic filing system.

    This the 8th day of January, 2020.

                                        */s/Jeremy L. Birdsall*
                                        JEREMY L. BIRDSALL